# WITNESS AND EXHIBIT LIST

| | |
|---|---|
| | UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF TEXAS<br>HOUSTON DIVISION |
| **Case No. 23-34815** | In re Galleria 2425 Owner, LLC |
| | COURTROOM STAFF: |
| | DATE: July 24, 2024, 11:00 a.m. |
| | **PARTY'S NAME: Ali Choudhri** |
| | ATTORNEY'S NAME: H. Gray Burks, IV |
| | ATTORNEY'S PHONE: 713-897-1297 |
| | NATURE OF PROCEEDINGS:<br>Hearing on Trustee's Omnibus Objection to Claim Nos. 21 and 22 of Ali Choudhri [ECF No. 403] |
| **WITNESSES:** | *Re Claim No. 21 - Proposed Agreed Order uploaded on 07/22/2024 |
| Ali Choudhri | |
| Jennifer MacGeorge | |
| | |
| | |
| | |

| NO. | DESCRIPTION OF EXHIBITS | Offered | Objection | Admitted | Disposition After Trial |
|---|---|---|---|---|---|
| 1 | Proof of Claim filed by Ali Choudhri on 04/09/2024 (Claim No. 22) | | | | |
| 2 | Business Records Affidavit of Jennifer MacGeorge with email regarding appeals bond paid | | | | |
| 3 | Invoices from Akin Gump to Galleria 2425 Owner, LLC for legal services | | | | |
| 4 | Invoices from Joyce McFarland to Galleria 2425 Owner, LLC for legal services | | | | |
| 5 | Ali Choudhri's personal payments to Akin Gump for the benefit of Galleria 2425 Owner, LLC | | | | |
| 6 | Ali Choudhri's personal payments to Joyce McFarland for the benefit of Galleria 2425 Owner, LLC | | | | |

Respectfully submitted,

*/s/ H. Gray Burks, IV*
H. Gray Burks, IV
TX Bar No. 03418320
BurksBaker, PLLC
950 Echo Ln, Suite 300
Houston, Texas 77024
(713) 897-1297
(713) 869-9100 Fax

Email: gray.burks@burksbaker.net
ATTORNEYS FOR ALI CHOUDHRI

<u>CERTIFICATE OF SERVICE</u>

I certify that on July 22, 2024, I caused the foregoing document along with exhibits 1-2 to be delivered to the Electronic Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ H. Gray Burks, IV*
H. Gray Burks, IV

Case 23-60036   Claim 18-1   Filed 10/31/23   Desc Main Document   Page 1 of 9

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Galleria 2425 Owner, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number | 23-60036  34815  Galleria Owner, LLC |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

### Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | Ali Choudhri | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes.  From whom? | |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>Ali Choudhri<br>Name<br>1001 West Loop South, Ste 700<br>Number     Street<br>Houston          TX          77027<br>City              State          ZIP Code<br><br>Contact phone  713-789-7654<br><br>Contact email  legal@jetallcompanies.com | Where should payments to the creditor be sent? (if different)<br><br>Name<br>Number     Street<br>City              State          ZIP Code<br><br>Contact phone<br><br>Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____ | Filed on _____<br>MM  /  DD  /  YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ | |

Official Form 410                    **Proof of Claim**                    page 1

002111

Case 23-60036   Claim 18-1   Filed 10/31/23   Desc Main Document   Page 2 of 8

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____  ____ ____

---

**7. How much is the claim?**

$ ~~1,844,500~~ ~~960,000.00~~ **45** **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

bond payment on behalf of the Debtor *and Legal Advances*

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | | **Amount entitled to priority** |
| --- | --- | --- | --- |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:    Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
| --- | --- |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☑ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  ~~10/31/2023~~  4/9/24
                        MM / DD / YYYY

/s/ Ali Choudhri
    Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Ali | | Choudhri |
| --- | --- | --- | --- |
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1001 West Loop South Ste 700 | | |
| | Number        Street | | |
| | Houston | TX | 77027 |
| | City | State | ZIP Code |
| Contact phone | 713-789-7654 | Email | legal@jetallcompanies.com |

**Jones, Nancy J.**

| | |
|---|---|
| **From:** | Conrad, Charles C. |
| **Sent:** | Thursday, June 29, 2023 5:42 PM |
| **To:** | jwetwiska@akingump.com; Petree, Nicholas |
| **Cc:** | Steinbrunner, Ryan; Fitzmaurice, Patrick E.; Weaver, Adam J.; Jones, Nancy J. |
| **Subject:** | RE: Galleria 2425 v National Bank of Kuwait - settlement |
| **Attachments:** | DRAFT NBK loan sale agreement 4853-6820-3629 v.2.docx; DRAFT Assignment of Deed of Trust 4872-5551-2941 v.1.doc; DRAFT assignment of '19 and '20 Tax Liens to purchaser 4888-1245-0925 v.1.docx |

Confidential:

Jim and Nick,

Attached are drafts of the following documents: 1) Loan Purchase and Sale Agreement (which includes the Allonge); 2) Assignment of Deed of Trust; and 3) Assignment of Tax Liens. These drafts remain subject to NBK's review and comment.

**From:** Conrad, Charles C.
**Sent:** Wednesday, June 28, 2023 2:47 PM
**To:** Jones, Nancy J. <nancy.jones@pillsburylaw.com>; jwetwiska@akingump.com
**Cc:** Steinbrunner, Ryan <ryan.steinbrunner@pillsburylaw.com>; Petree, Nicholas <npetree@akingump.com>
**Subject:** RE: Galleria 2425 v National Bank of Kuwait - settlement

Confidential:

Jim, we went back to verify the amounts we received from the registry of the Court and determined the Court actually disbursed **$801,959.08** (slightly more than the $801,509.42 contemplated in the Settlement Agreement) to NBK. The additional $449.66 appears to account for the interest accrued over time. To that end, the revised amount of the Settlement Payment/Purchase Option Payment should be as follows:

**Settlement Payment Amount:** $27 million
**Amounts Paid to Date:**
- $801,959.08 paid to NBK from registry of the Court
- $80,000 paid to NBK on 4/18 per order of the Court
- $80,000 paid to NBK on 5/10 per order of the Court

**Current Outstanding Settlement Balance: $26,038,040.92**

**From:** Jones, Nancy J. <nancy.jones@pillsburylaw.com>
**Sent:** Wednesday, June 28, 2023 1:04 PM
**To:** jwetwiska@akingump.com
**Cc:** Conrad, Charles C. <charles.conrad@pillsburylaw.com>; Steinbrunner, Ryan <ryan.steinbrunner@pillsburylaw.com>
**Subject:** Galleria 2425 v National Bank of Kuwait - settlement

Jim, good afternoon. Charles asked that I send you the attached.

1

# UNSWORN DECLARATION OF JENNIFER MACGEORGE

**STATE OF TEXAS**          §
**HARRIS COUNTY**         §

My name is Jennifer MacGeorge, my date of birth is December 11, 1986, and my address is 1001 West Loop S, Ste 700, Houston, TX 77027. I declare under penalty of perjury that the following facts are true and correct:

1. "My name is Jennifer MacGeorge. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this declaration are within my personal knowledge and are true and correct.

2. "I am the managing attorney with MacGeorge Law Firm, PLLC. I am familiar with the way MacGeorge Law Firm, PLLC's records are created and maintained by virtue of my duties and responsibilities.

3. "Attached as Exhibit 1 to this declaration is an email I received from Ruddy Velasquez, a Court Registry Clerk with Harris County. These are the original records or exact duplicates of the original records. The email shows the history of payments made into the court registry for cause no. 2021-63370 out of the 281st District Court, in Harris County, Texas.

4. "The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth in the records.

5. "The records were made by, or from information transmitted by, persons with knowledge of the matters set forth in the record.

6. "The records were kept in the course of regularly conducted business activity.

7. "It is the regular practice of the business activity to make the records."

                               */s/ Jennifer MacGeorge* _____
                               Jennifer MacGeorge
                               SBN: 24093627

EXHIBIT 1

## Jennifer MacGeorge

| | |
|---|---|
| **From:** | Velasquez, Ruddy (DCO) <Ruddy.Velasquez@hcdistrictclerk.com> |
| **Sent:** | Monday, July 3, 2023 1:27 PM |
| **To:** | Jennifer MacGeorge |
| **Cc:** | Court Registry (DCO) |
| **Subject:** | Case No.2021-63370; GALLERIA 2425 OWNER LLC vs. NATIONAL BANK OF KUWAIT S A K P NEW YORK BRANCH A BANKING CORPORATION |

| | |
|---|---|
| **Importance:** | High |

Hi Jennifer,

Below are snippets of three court registry accounts associated to cause no.2021-63370. Please see below.

The tendered funds are under court registry account no.86957.



The TRO Bond is under court registry account no.85769.

002116

EXHIBIT 1



## Account Detail - Deposits History

| Account #: | 85769 | | Account Type: | TRO Bond | | Principal: | $0.00 |
| Case #: | 202163370 | | Court: | 281st - Civ | | Interest: | $0.00 |
| Style: | GALLERIA 2425 OWNER LLC vs. NATIONAL BANK OF KUWAIT S A K P NEW YORK BRANCH A BANKING CORPORATION | | | | | Total: | $0.00 |
| Awardee: | | | Next Friend: | | | | |

**Deposits**

| Principal | Interest | Method | Serial Number | Payment Date | Payor | Val | Comments | |
|---|---|---|---|---|---|---|---|---|
| $1,000.00 | $0.00 | CashierChk | 10509 | 10/5/2021 | JETALL COMPANIES INC | VAL | | View |

The Injunction Bond is under court registry account no.86956.



## Account Detail - Deposits History

| Account #: | 86956 | | Account Type: | Injunction Bond | | Principal: | $0.00 |
| Case #: | 202163370 | | Court: | 281st - Civ | | Interest: | $0.00 |
| Style: | GALLERIA 2425 OWNER LLC vs. NATIONAL BANK OF KUWAIT S A K P NEW YORK BRANCH A BANKING CORPORATION | | | | | Total: | $0.00 |
| Awardee: | | | Next Friend: | | | | |

**Deposits**

| Principal | Interest | Method | Serial Number | Payment Date | Payor | Val | Comments | |
|---|---|---|---|---|---|---|---|---|
| $400,000.00 | $0.00 | CashierChk | 0958003546 | 4/21/2022 | CHOUDHRI, ALI | VAL | | View |

We hope this information is helpful.

Thank you,



**Ruddy Velasquez**
**Court Registry**

MARILYN BURGESS, Harris County District Clerk
201 Caroline, Suite 170 | Houston, TX 77002
(832) 927-5670

2

002117

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 23-34815 |
|  | ) |  |
| GALLERIA 2425 OWNER, LLC, | ) |  |
|  | ) | Chapter 11 |
| Debtor. | ) |  |
|  | ) |  |

## *SUPPLEMENTAL* WITNESS AND EXHIBIT LIST

| Judge: | Hon. Jeffrey P. Norman |
|---|---|
| Hearing Date: | July 24, 2024 |
| Hearing Time: | 11:00 a.m. prevailing Central Time |
| Party's Name: | Christopher R. Murray, Chapter 11 Trustee |
| Attorney's Name: | R. J. Shannon |
| Attorney's Phone: | (713) 714-5770 |
| Nature of Proceeding: | Hearing on:<br>• Trustee's Objection to Claim No. 7 of 2425 WL LLC [ECF No. 402];<br>• Trustee's Omnibus Objection to Claim Nos. 21 and 22 of Ali Choudhri [ECF No. 403]; and<br>• Trustee's Omnibus Objection to Claim Nos. 23 and 24 of Jetall Capital, LLC [ECF No. 404] |

Christopher R. Murray, the chapter 11 trustee in the above-captioned case (the "Trustee"), hereby submits this witness and exhibit list in connection with the hearing to be held on July 24, 2024, at 11:00 a.m. (Central Time) (the "Hearing") supplementing the Witness & Exhibit List [ECF No. 633] filed on July 22, 2024. The additional witnesses and exhibits are reflected in ***bold italics*** and the additional exhibits are attached hereto.

## WITNESSES

The Trustee may call any of the following witnesses at the Hearing, whether in person, by proffer, or by declaration pursuant to Fed. R. Civ. P. Rule 43(c) made applicable by Bankruptcy Local Rule 9017-1(c):

1. Christopher R. Murray;

2. Ali Choudhri;

3. Any witness called or designated by any other party; and

4. Any witness necessary to rebut the testimony of any witness called or designated by any other party.

## EXHIBITS

The Trustee may offer for admission into evidence any of the following exhibits, any exhibit designated by any other party, and any document filed on the docket in the above-captioned case at the Hearing:

| Ex. | Description | Offered | Objection | Admitted /Not Admitted | Disposition |
|-----|-------------|---------|-----------|------------------------|-------------|
| 1 | Proof of Claim No. 7 (Amended) | | | | |
| 2 | Appendix A to Part 1024 – Instructions for Completing HUD-1 and HUD-1 a Settlement Statements; Sample HUD-1 and HUD-1 a Statements (10/19/2017 Version), available at https://www.consumerfinance.gov/rules-policy/regulations/1024/2017-10-19/a/ | | | | |
| 3 | Plaintiff's Original Petition and Exhibits in Cause No. 2021-63370 (281st District Court, Harris County, Texas) | | | | |

002119

| Ex. | Description | Offered | Objection | Admitted /Not Admitted | Disposition |
|---|---|---|---|---|---|
| 4 | Loan Agreement dated May 23, 2018, between the Debtor and NBK (Ex. C to Trustee's objection to Claim No. 7 [ECF No. 402-5] and previously admitted as ECF Nos. 87-2 and 501-10) | | | | |
| 5 | Note issued by the Debtor to NBK dated May 23, 2018 (Ex. D to Trustee's objection to Claim No. 7 [ECF No. 402-6] and previously admitted as ECF No. 143-7 and 501-12) | | | | |
| 6 | Deed of trust granted by the Debtor to NBK dated May 23, 2018 (Ex. E to Trustee's objection to Claim No. 7 [ECF No. 402-7] and previously admitted as ECF No. 143-8 and 501-11) | | | | |
| 7 | Absolute assignment of leases granted by the Debtor to NBK dated May 23, 2018 (previously admitted as ECF No. 143-9) | | | | |
| 8 | Sworn Document Authorizing Transfer of Tax Lien (Ex. G to Trustee's objection to Claim No. 7 [ECF No. 402-9]) | | | | |
| 9 | Tax Lien Contract (Ex. H to Trustee's objection to Claim No. 7 [ECF No. 402-10]) | | | | |
| 10 | Debtor Corporate Organization Chart (Ex. B to NBK Disclosure Statement [ECF No. 195] | | | | |
| 11 | Galleria 2425 Owner, LLC Application for Registration of a Foreign Limited Liability Company filed April 5, 2018 | | | | |
| 12 | Amended and Restated Limited Liability Company Agreement of Galleria 2425 JV, LLC dated May 23, 2018 (Ex. I to Trustee's objection to Claim No. 7 [ECF No. 402-11] | | | | |

3

002120

| Ex. | Description | Offered | Objection | Admitted /Not Admitted | Disposition |
|---|---|---|---|---|---|
| 13 | Galleria 2425 JV, LLC Application for Registration of a Foreign Limited Liability Company filed April 5, 2018 (Ex. B to Trustee's objection to Claim No. 7 [ECF No. 402-4] | | | | |
| 14 | Galleria 2425 JV, LLC Unanimous Consent of Members in Lieu of Meeting (Ex. J to Trustee's Objection to Claim No. 7 [ECF No. 402-12] | | | | |
| 15 | Notice of Deposition and Subpoena Duces Tecum to 2425 WL LLC (previously admitted as ECF No. 505-7) | | | | |
| 16 | Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) (previously admitted as ECF No. 505-9) | | | | |
| 17 | Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) (previously admitted as ECF No. 505-10) | | | | |
| 18 | June 7, 2024, emails between R. Shannon and M. Smith re Extension of Deadline for 2425 WL LLC Document Production to June 13, 2024 | | | | |
| 19 | Notice of Appearance of Mark E. Smith on behalf of 2425 WL LLC [ECF No. 439] | | | | |
| 20 | June 26, 2024, emails between R. Shannon and S. Sather re outstanding discovery | | | | |
| 21 | July 16, 2024, email from R. Shannon and S. Sather and G. Burks re outstanding discovery | | | | |
| 22 | Proof of Claim No. 21 | | | | |

002121

| Ex. | Description | Offered | Objection | Admitted /Not Admitted | Disposition |
|-----|-------------|---------|-----------|------------------------|-------------|
| 23 | Assignment of Tax Liens (Ex. A to Trustee's objection to Claim Nos. 21 and 22 [ECF No. 403-3]) | | | | |
| 24 | Plaintiff's Third Amended Complaint in Adv. Proc. No. 24-03120 [Adv. Proc. Dkt. No. 8] | | | | |
| 25 | Proof of Claim No. 22 | | | | |
| 26 | Confidential Settlement Agreement (Ex. B to Trustee's objection to Claim Nos. 21 and 22 [ECF No. 403-4]) | | | | |
| 27 | Ali Choudhri Net Worth Affidavit filed in Cause No. 2012-27197A (333rd District Court, Harris County, Texas) | | | | |
| 28 | Proof of Claim No. 23 | | | | |
| 29 | Lease Agreement between the Debtor and Jetall Companies, Inc. and Amendments thereto | | | | |
| 30 | Debtor's Schedules and Statement of Financial Affairs [ECF No. 70] (previously admitted as ECF No. 171-4) | | | | |
| 31 | Proof of Claim No. 24 | | | | |
| 32 | Transcript of January 31, 2024, hearing | | | | |
| 33 | Internal Notes of NBK on Loan to Galleria 2425 Owner | | | | |
| *34* | *Ali Choudhri's Original Petition in Intervention in Cause No. 2021-63370 (281st District Court, Harris County, Texas)* | | | | |

002122

| Ex. | Description | Offered | Objection | Admitted /Not Admitted | Disposition |
|---|---|---|---|---|---|
| *35* | *Temporary Injunction requiring bond and monthly payments in Cause No. 2021-63370 (281st District Court, Harris County, Texas)* | | | | |
| *36* | *Clerk's Certificate of Cash Deposit in Lieu of Injunction Bond Per Order of the Court in Cause No. 2021-63370 (281st District Court, Harris County, Texas) ($400,000)* | | | | |
| *37* | *Clerk's Certificate of Cash Deposit in Lieu of Injunction Bond Per Order of the Court in Cause No. 2021-63370 (281st District Court, Harris County, Texas) ($80,000)* | | | | |

The Trustee reserves the right to supplement, amend, or delete any witness and exhibits prior to the Hearing. The Trustee also reserves the right to (a) ask the Court to take judicial notice of any document, (b) introduce exhibits previously admitted or attached as exhibits to the relevant pleadings, and (c) introduce any exhibit necessary or appropriate to necessary to rebut the testimony of any witnesses called or designated by any other party or an exhibit introduced or designated by any other party.

Dated: July 23, 2024

Respectfully submitted,

SHANNON & LEE LLP

*/s/R. J. Shannon*
Kyung S. Lee (TBA No. 12128400)
R. J. Shannon (TBA No. 24108062)
2100 Travis Street, STE 1525
Houston, TX 77002
Telephone: (713) 714-5770
Email: klee@shannonleellp.com
        rshannon@shannonleellp.com

*Counsel to the Chapter 11 Trustee*

6

Certified Document Number: 103021545 - Page 1 of 6

## NO. 2021-63370

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER, LLC** | § | **IN THE DISTRICT COURT OF** |
| **PLAINTIFF** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT S A K P** | § | |
| **- NEW YORK BRANCH** | | |
| **DEFENDANT** | § | **281 JUDICIAL DISTRICT** |

### ALI CHOUDHRI'S ORIGINAL PETITION IN INTERVENTION

Intervenor, Ali Choudhri, files this petition in intervention and alleges as follows:

### PARTIES

1.    Intervenor is an individual who conducts business in in Harris County at 1001 West Loop South, Ste 700, Houston, TX 77027.

2.    Plaintiff, Galleria 2425 Owner, LLC, is a limited liability company whose address is 1001 West Loop South, Ste 700, Houston, TX 77027. A copy of this petition will be forwarded to Seth Nichamoff, attorney of record for plaintiff.

3.    Defendant, National Bank of Kuwait S A K P – New York Branch, a corporation, has appeared and answered. A copy of this petition will be forwarded to Charles Conrad and Liz Klingensmith, attorneys of record for defendant.

### THE ORIGINAL LAWSUIT

4.    On or about September 9th, 2021, plaintiff sued defendant for wrongful foreclosure and other claims.

5.    On November 2nd 2021, defendant filed an answer asserting a general denial.

## INTERVENOR'S INTEREST IN LAWSUIT

6.    A party has a justiciable interest in a lawsuit when its interests will be affected by the litigation. *In re Union Carbide Corp.,* 273 S.W.3d 152, 155 (Tex. 2008)*; Law Offices of Windle Turley, P.C. v. Ghiasinejad,* 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.)*.* A party may intervene in a suit if it:

> a.    could have brought all or part of the same suit in its own name. *In re Union Carbide,* 273 S.W.3d at 155*; Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex. 1990)*; E & B Carpet Mills v. State,* 776 S.W.2d 286, 290 (Tex. App.—Austin 1989, writ dism'd).

> b.    would have been able to defeat all or part of the recovery if the suit had been filed against it. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex. 1990)*; Metromedia Long Distance, Inc. v. Hughes,* 810 S.W.2d 494, 497 (Tex. App.—San Antonio 1991, writ denied).

7.    There is no pre-judgment deadline for intervention. *Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (citing TEX. R. CIV. P. 60; *Citizens State Bank of Sealy v. Caney Invs.*, 746 S.W.2d 477, 478 (Tex. 1988)). Texas courts recognize an "expansive" intervention doctrine in which a plea in intervention may be untimely only if it is "filed after judgment," *Texas v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (quoting *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984)), though even post-judgment interventions are permissible in some circumstances. *Ledbetter*, 251 S.W.3d at 36 (citing *In re Lumbermens Mut. Cas. Co*., 184 S.W.3d 718, 725–26 (Tex. 2006)). There is no final judgment in this case. Mr. Choudhri's intervention is therefore timely.

8.    "Any party may intervene [in a case] by filing a pleading, subject to being stricken out by

2

Certified Document Number: 103021545 - Page 2 of 6

the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. An intervenor is not required to secure a court's permission to intervene in a cause of action or establish standing. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). An intervenor need only show a "justiciable interest in a pending suit to intervene in the suit as a matter of right." *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008). "A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation." *Jabri v. Alsayyed*, 145 S.W.3d 660, 672 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Law Offices of Windle Turley v. Ghiasinejad*, 109 S.W.3d 68, 71 (Tex. App.—Fort Worth 2003, no pet.)). "The interest asserted by the intervenor may be legal or equitable." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657 (citation omitted).

## INTERVENOR'S CAUSES OF ACTION

### I.     COUNT 1 – FRAUDULENT INDUCEMENT

9.     Defendant represented to intervenor that in anticipation of obtaining a bank loan, intervenor should transfer a piece of real property he had purchased outright into a new special purpose entity which was formed for the single purpose of holding the real property.

10.     Defendant's representation to plaintiff was material because the bank intentionally structured the loan deal in this way, in order to induce intervenor to make this transfer to the new entity, claiming it would then allow intervenor to monetize his investment, but its real underlying goal was to pave the way for itself to tortiously interfere with intervenor's business operations, and fabricate defaults, in an attempt to unlawfully take the property from intervenor.

11.     Defendant's conduct amounted to a false representation to intervenor.

12.     Defendant made the false representation knowing it was false.

13.     Defendant intended for plaintiff to rely on the false representation.

3

Certified Document Number: 103021545 - Page 3 of 6

14. Plaintiff justifiably relied on defendant's false representation when he in fact transferred the real property to the special purpose entity created at the request of the defendant.

15. Defendant's false representation directly and proximately caused injury to intervenor, which resulted in damages to intervenor.

16. Plaintiff seeks damages within the jurisdictional limits of this court.

17. <u>Exemplary damages</u>. Plaintiff's injury resulted from defendant's actual fraud, gross negligence, or malice, which entitles plaintiff to exemplary damages under Texas civil practice & remedies code section 41.003(a).

## JURY DEMAND

18. Intervenor demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

19. For these reasons, intervenor asks that, after trial, intervenor be awarded a judgment against defendant for the following damages:

    a.  Actual damages.

    b.  Exemplary damages.

    c.  Prejudgment and postjudgment interest.

    d.  Court costs.

    e.  All other relief to which plaintiff is entitled.

Respectfully Submitted,

By: _/s/ Ali Choudhri_
Ali Choudhri
Pro Se

Certified Document Number: 103021545 - Page 4 of 6

002127

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all parties' counsel of record on July 18, 2022.

_/s/ Ali Choudhri_
Ali Choudhri

Certified Document Number: 103021545 - Page 5 of 6

002128

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66410328
Status as of 7/18/2022 1:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Seth Nichamoff | | seth@nichamofflaw.com | 7/18/2022 1:00:16 PM | SENT |
| Jason Carrington Norwood | 24027579 | jason@jcnorwood-law.com | 7/18/2022 1:00:16 PM | SENT |
| Elizabeth Klingensmith | 24046496 | Liz.Klingensmith@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Jorge Borunda | 24027205 | jorge@borundapc.com | 7/18/2022 1:00:16 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Annarose Harding | | aharding@gallowaylawfirm.com | 7/18/2022 1:00:16 PM | SENT |
| Cody Gartman | | cody.gartman@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Haley Sheppard | | hsheppard@gallowaylawfirm.com | 7/18/2022 1:00:16 PM | SENT |
| Branch Sheppard | | BSheppard@gallowaylawfirm.com | 7/18/2022 1:00:16 PM | SENT |
| Allen Zwernemann | | AZ@AZLF.com | 7/18/2022 1:00:16 PM | SENT |
| Jennifer LMacGeorge | | jmac@jlm-law.com | 7/18/2022 1:00:16 PM | SENT |
| Nailah Jackson | | njackson@jlm-law.com | 7/18/2022 1:00:16 PM | SENT |
| Julie Moeller | | julie.moeller@pillsburylaw.com | 7/18/2022 1:00:16 PM | ERROR |
| Samantha Vasquez | | samantha.vasquez@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Yona Starosta | | yona.starosta@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Yolanda Rodriguez | | yolanda.rodriguez@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Jetall Legal | | legal@jetallcompanies.com | 7/18/2022 1:00:16 PM | SENT |
| Michael Clardy | | mclardy@jlm-law.com | 7/18/2022 1:00:16 PM | SENT |

002129



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 23, 2024

Certified Document Number:      103021545 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

002130

CAUSE NO. 2021-63370

| | | |
|---|---|---|
| GALLERIA 2425 OWNER, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 281ST JUDICIAL DISTRICT |
| | § | |
| NATIONAL BANK OF KUWAIT, S.A.K.P., | § | |
| NEW YORK BRANCH, A BANKING | § | |
| CORPORATION ORGANIZED UNDER THE | § | |
| LAWS OF KUWAIT, ACTING THROUGH | § | |
| ITS NEW YORK BRANCH, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## <u>TEMPORARY INJUNCTION</u>

CAME ON for evidentiary hearing the Application for Temporary Injunction together with Plaintiff's First Amended Petition (the "Application") filed by Plaintiff GALLERIA 2425 OWNER, LLC ("Galleria 2425"). The Court has jurisdiction over the parties that are the subject of this Order. Plaintiff and Defendant NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH, A BANKING CORPORATION ORGANIZED UNDER THE LAWS OF KUWAIT, ACTING THROUGH ITS NEW YORK BRANCH ("KUWAIT" and/or "NBK") appeared through counsel. The Court admitted Plaintiff's Exhibits and Defendant's Exhibits. The Court took oral testimony and heard counsels' arguments. The Court has jurisdiction over the parties that are the subject of this Order. Having considered the court's file, Application, Plaintiff's First Amended Petition, counsel's arguments, and all the evidence presented, Plaintiff is entitled to this Temporary Injunction.

There is a colorable, valid dispute concerning the rights of the parties to the unique, valuable real estate located at 2425 WEST LOOP SOUTH, HOUSTON, TEXAS 77027 (the "Property"), as Plaintiff lays out in its detailed Petition.

Certified Document Number: 101155092 - Page 1 of 11

002131

If not enjoined, Defendant will, in all likelihood, foreclose on the real property and improvements of the Property and convey and alienate the Property which will cause immediate and irreparable injury to Plaintiff. The Property is unique and extremely valuable, and the equities demand that the imminent foreclosure sale and/or other actions affecting the Property be enjoined in order to preserve the *status quo* and maintain the Court's jurisdiction over the Property. Plaintiff has demonstrated a reasonable likelihood of success on the merits upon final trial.

The Court finds that Defendant KUWAIT, its successor and/or assigns, and any and all trustees and/or substitute trustees acting by, through, or under them including, without limitation, Josh D. Morton, Laura E. Hannusch, and Adam Weaver, will continue to commit such acts if this Court does not temporarily enjoin Defendant, and Plaintiff will suffer immediate and irreparable injury, to wit: Plaintiff will suffer complete loss of the Property, and its interest in the Property will be forcibly relinquished if Defendant KUWAIT, its successor and/or assigns, and any and all trustees and/or substitute trustees acting by, through, or under them forecloses.

The Court, therefore, **GRANTS** Plaintiff's Application for Temporary Injunction. It is, therefore,

**ORDERED, ADJUDGED, AND DECREED** that:

Plaintiff will be irreparably harmed unless the Court grants Plaintiff's Application for Temporary Injunction and one of the irreparable harms this Order seeks to prevent is the loss and injury to Plaintiff's business and/or business reputation and/or business goodwill with tenants and prospective tenants, among others.

Defendant NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH, A BANKING CORPORATION ORGANIZED UNDER THE LAWS OF KUWAIT, ACTING THROUGH ITS NEW YORK BRANCH, its successor and/or assigns, and any and all trustees

Certified Document Number: 101155092 - Page 2 of 11

002132

and/or substitute trustees acting by, through, or under them, are immediately TEMPORARILY ENJOINED and BARRED from committing the following actions:

1. Foreclosing on, posting, reposting, or otherwise selling at auction the Property more fully described as set forth in Exhibit "A" attached hereto and incorporated fully herein as if set forth fully verbatim; and

2. ~~Transferring any Note and/or lien it holds or may hold relating to the Property.~~

It is therefore, **ORDERED, ADJUDGED, AND DECREED** that Defendant NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH, A BANKING CORPORATION ORGANIZED UNDER THE LAWS OF KUWAIT, ACTING THROUGH ITS NEW YORK BRANCH, its successor and/or assigns, and any and all trustees and/or substitute trustees acting by, through, or under them, and every possible agent acting on their behalf including, without limitation, Josh D. Morton, Laura E. Hannusch, and Adam Weaver, are commanded to desist and refrain from committing the acts described in this Order for all purposes from the date of entry of this Order until final trial of this matter. It is therefore,

~~**ORDERED, ADJUDGED, AND DECREED** that Defendant NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH, A BANKING CORPORATION ORGANIZED UNDER THE LAWS OF KUWAIT, ACTING THROUGH ITS NEW YORK BRANCH, its successor and/or assigns shall not interfere with and/or impede Plaintiff from acquiring tenants at the Property and/or leasing space in the building to tenants and/or selling the Property. It is therefore,~~

**ORDERED, ADJUDGED, AND DECREED** Defendant NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH, A BANKING CORPORATION ORGANIZED UNDER THE LAWS OF KUWAIT, ACTING THROUGH ITS NEW YORK BRANCH, its successor and/or assigns shall act in utmost good faith to review Plaintiff's proposed tenants,

tenants leases and/or contracts to sell the Property and shall timely provide a ~~substantive~~ response in writing to Plaintiff's efforts to lease space at the Property and/or sell the Property within five calendar (5) days of Plaintiff providing prospective tenant information, prospective leases, and/or sales Defendant will provide a single point of contact for this these communications. contracts. It is therefore,

**ORDERED, ADJUDGED, AND DECREED** that this Temporary Injunction is effective as of ___12:00 p.m.___ ~~m.~~ on ___30th___ day, March _____, 2022 and remains in effect through the date of final judgment. It is therefore,

**ORDERED, ADJUDGED, AND DECREED** that trial of this case is set for as of ___9:00 a.m.___ ~~m.~~ on ___6th___ day, September 2022. It is therefore,

**ORDERED, ADJUDGED, AND DECREED** that bond ~~for the Temporary Restraining~~ be increased to $400,000.00 and payable no later than Thursday, April 14th ~~Order of $1,000.00 be carried over and~~ serve as bond to this Temporary Injunction. ~~In lieu of additional bond, it is therefore,~~

$80,000.00 monthly on the 15th of the day starting in April

**ORDERED, ADJUDGED AND DECREED** that ~~all net rents~~ᵛ be deposited into the registry of the court. ~~Net rents consist of all rents received minus all operating expenses expended. It is therefore,~~

~~**ORDERED, ADJUDGED AND DECREED** that an accounting shall be provided to KUWAIT for all rents received and all operating expenses paid from now until the time of trial.~~

SIGNED on this _____ day of _____, 2022, at _____ o'clock ___.m.

Signed:
3/30/2022
_____
**JUDGE PRESIDING**

ORDER PREPARED BY:

__//s//  Branch M. Sheppard_____
Branch M. Sheppard
State Bar No. 24033057

Page **4** of 10

002134

bsheppard@gallowaylawfirm.com
Annarose M. Harding
State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas   77010
Telephone:  (713) 599-0700
Facsimile:  (713) 599-0777
**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 101155092 - Page 5 of 11

002135

Real property in the City of Houston, County of Harris and State of Texas, described as follows:

Tract 1: Fee Tract

BEING 2.4462 ACRES (106,557 SQUARE FEET) OF LAND OUT OF THE WILLIAM WHITE SURVEY, ABSTRACT NO. 836, HOUSTON, HARRIS COUNTY, TEXAS, BEING THE SAME PROPERTY CONVEYED TO 2425 WEST LOOP, LP BY SPECIAL WARRANTY DEED RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20070732472, SAID TRACT CONVEYED BY DEED TO ONE WEST LOOP PLAZA, LTD. UNDER HCCF NO. S547896 AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A POINT IN THE NORTHERLY RIGHT OF WAY LINE WESTHEIMER ROAD (ROW VARIES) BEING THE SOUTHEAST CORNER OF A 2.3468 ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY TO RED LION HOTELS, INC. IN A DEED RECORDED IN HCCF NO. S056346 AND THE SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R. HOUCK, JR., TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE, NORTHERLY NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 204.61 FEET ALONG THE COMMON LINE OF THE AFORESAID 2.3468 ACRE PARCEL TO THE WEST AND 3.4385 ACRE PARCEL TO THE EAST, TO A 1/2 INCH IRON ROD FOUND AT THE NORTHEAST CORNER OF THE 2.3468 ACRE PARCEL BEING THE SOUTHEAST CORNER OF THE HEREIN DESCRIBED PARCEL AND THE POINT OF BEGINNING;

THENCE, WESTERLY ALONG THE COMMON LINE OF THE 2.3468 ACRE PARCEL TO THE SOUTH AND THE HEREIN DESCRIBED PARCEL TO THE NORTH, SOUTH 87 DEGREES 44 MINUTES 46 SECONDS WEST, 464.50 FEET TO A POINT ON THE EASTERLY RIGHT OF WAY (ROW) LINE OF INTERSTATE 610 WEST LOOP AND THE SOUTHWEST CORNER OF THE HEREIN DESCRIBED PARCEL FROM. WHICH A FOUND RAILROAD SPIKE BEARS SOUTH 21 DEGREES 43 MINUTES EAST 2.42 FEET;

THENCE, NORTHERLY ALONG THE EASTERLY RIGHT OF WAY LINE OF INTERSTATE 610 WEST LOOP (ROW 350 FEET) NORTH 10 DEGREES 55 MINUTES 17 SECONDS EAST 251.27 FEET TO AN "X" SET IN CONCRETE BEING THE SOUTHWEST CORNER OF A 7.8998 ACRE PARCEL AS SHOWN ON THE HOUSTON VENTURE PLAT UNRESTRICTED RESERVE "A" FILED IN THE HARRIS COUNTY MAP RECORDS AS FILM CODE NUMBER 356074, AND THE NORTHWEST CORNER OF THE HEREIN DESCRIBED PARCEL;

THENCE, EASTERLY ALONG THE COMMON LINE OF THE ABOVE INDICATED 7.8998 ACRE PARCEL TO THE NORTH AND THE HEREIN DESCRIBED PARCEL TO THE SOUTH NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST, 406.61 FEET TO AN "X"

Certified Document Number: 10115092 - Page 6 of 11

FOUND IN THE WESTERLY LINE OF A 3.4385 ACRE PARCEL OF LAND CONVEYED TO RESTPROP, LTD AS RECORDED IN THE HCCF NO. R228886;

THENCE, SOUTHERLY ALONG A COMMON LINE OF THE ABOVE INDICATED 3.4385 ACRE PARCEL TO THE EAST AND THE HEREIN DESCRIBED PARCEL TO THE WEST, SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST, 244.64 FEET TO THE POINT OF BEGINNING CONTAINING 106,557 SQUARE FEET, 2.4462 ACRES MORE LESS.

NOTE: WE ARE PROHIBITED FROM INSURING ANY INACCURACY IN STATEMENT AS TO THE QUANTITY OF LAND CONTAINED WITHIN THE BOUNDARIES OF THE LAND DESCRIBED IN SCHEDULE A.

TRACT 2 EASEMENT TRACT: 20 FOOT NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT

A NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT OVER AND ACROSS A·TRACT OF LAND NORTHERLY OF AND 20 FEET WIDE ALONG THE ENTIRE NORTHERLY BOUNDARY LINE OF TRACT I; SAID EASEMENT CREATED AND GRANTED BY VI IAN L. SMITH, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF R. E. SMITH, DECEASED IN THAT CERTAIN GENERAL WARRANTY DEED DATED JULY 5, 1977 FILED IN HCCF NO. F216562 AND DESCRIBED IN HCCF NO. G743294, BEING THE SAME EASEMENT CONVEYED TO PCCP FULLER 2425 WEST LOOP, LLC BY SPECIAL WARRANTY DEED WITH VENDOR'S LIEN RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20100450007, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A POINT IN THE NORTHERLY RIGHT OF WAY LINE OF WESTHEIMER ROAD (ROW VARIES), BEING THE SOUTHEAST CORNER OF A 2.3468 ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY TO RED LION HOTELS INC. IN A DEED RECORDED IN HCCF NO. S056346 AND THE SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R. HOUCK, JR., TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE, NORTHERLY NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 204.61 FEET ALONG THE COMMON LINE OF THE AFORESAID 2.3468 ACRE PARCEL TO THE WEST AND 3.4385 ACRE PARCEL TO THE EAST TO A 1/2 INCH IRON ROD FOUND FOR THE SOUTHEAST CORNER OF TRACT I;

THENCE CONTINUING NORTHERLY NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 244.64 FEET ALONG A COMMON LINE OF A PREVIOUSLY NOTED 3.4385 ACRE PARCEL OF LAND TO THE EAST AND TRACT I TO THE WEST TO AN "X" FOUND FOR THE NORTHEAST CORNER OF TRACT I AND THE POINT OF BEGINNING;

[Exhibit A - Property Description]

Certified Document Number: 10115092 - Page 7 of 11

002137

THENCE, WESTERLY SOUTH 87 DEGREES 44 MINUTES 46 SECONDS WEST, 406.61 FEET ALONG THE NORTHERLY LINE OF TRACT 1 TO AN "X" SET ON THE EASTERLY LINE OF INTERSTATE 610 WEST LOOP (350 FEET WIDE);

THENCE, NORTHERLY NORTH 10 DEGREES 55 MINUTES 17 SECONDS EAST 20.54 FEET ALONG THE EASTERLY LINE OF INTERSTATE 610 WEST LOOP TO A POINT;

THENCE, EASTERLY 20.00 FEET NORTHERLY FROM AND PARALLEL TO THE NORTHERLY LINE OF TRACT 1, NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST, 401.88 FEET TO A POINT;

THENCE, SOUTHERLY SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST 20.00 FEET TO THE POINT OF BEGINNING AND CONTAINING 0.1856 ACRES OR 8,085 SQUARE FEET OF LAND MORE OR LESS.

TRACT 3 EASEMENT TRACT: 20 FOOT NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT;

A NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT OVER AND ACROSS A TRACT OF LAND SOUTHERLY OF AND 20.00 FEET WIDE ALONG THE ENTIRE SOUTHERN BOUNDARY LINE OF TRACT 1, SAID EASEMENT CREATED AND GRANTED ON FEBRUARY 16, 1979, FROM WEST LOOP HOTEL, LIMITED TO FIN PROPERTIES, LIMITED FILED IN HCCF NO. G041310, BEING THE SAME PROPERTY EASEMENT CONVEYED TO PCCP FULLER 2425 WEST LOOP, LLC BY SPECIAL WARRANTY DEED WITH VENDOR'S LIEN RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20100450007, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A POINT IN THE NORTHERLY RIGHT OF WAY LINE OF WESTHEIMER ROAD (ROW VARIES), BEING THE SOUTHEAST CORNER OF A 2.3468 ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY TO RED LION HOTELS, INC. IN A DEED RECORDED IN HCCF NO. S056346 AND THE SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R HOUCK, JR., TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE, NORTHERLY NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 184.61 FEET ALONG THE COMMON LINE OF THE AFORESAID 2.3468 ACRE PARCEL TO THE WEST AND 3.4385 ACRE PARCEL TO THE EAST TO THE POINT OF BEGINNING, WHENCE THE SOUTHEAST CORNER OF TRACT 1 BEARS NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 20.02 FEET;

THENCE, WESTERLY 20.00 FEET SOUTHERLY FROM AND PARALLEL TO THE SOUTHERLY LINE OF TRACT 1, SOUTH 87 DEGREES 44 MINUTES 46 SECONDS WEST, 469.23 FEET TO A POINT IN THE EASTERLY LINE OF INTERSTATE 610 WEST LOOP;

[Exhibit A - Property Description]

Certified Document Number: 101155092 - Page 8 of 11

002138

Certified Document Number: 101155092 - Page 9 of 11

THENCE, NORTHERLY NORTH 10 DEGREES 55 MINUTES 17 SECONDS EAST, 20.54 FEET ALONG THE EASTERLY LINE OF INTERSTATE 610 WEST LOOP TO THE SOUTHWEST CORNER FOR TRACT 1 FROM WHICH A FOUND RAILROAD SPIKE BEARS SOUTH 21 DEGREES 43 MINUTES EAST, 2.42 FEET;

THENCE, EASTERLY NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST, 464.50 FEET ALONG THE SOUTHERLY LINE OF TRACT 1 TO A 1/2 INCH IRON ROD FOUND AT THE SOUTHEAST CORNER OF TRACT 1;

THENCE, SOUTHERLY SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST, 20.02 FEET ALONG THE A COMMON LINE BETWEEN A PREVIOUSLY DESCRIBED 2.3468 ACRES PARCEL TO THE WEST AND A 3.4385 ACRE PARCEL TO THE EAST TO THE POINT OF BEGINNING AND CONTAINING 0.2144 ACRES OR 9,337 SQUARE FEET OF LAND, MORE OR LESS.

TRACT 4 EASEMENT TRACT: 28 FOOT ROADWAY AND PEDESTRIAN EASEMENT;

A NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT ACROSS EASTERLY 28 FEET OF A 2.3468 ACRE TRACT ADJACENT TO AND SOUTHERLY OF TRACT 1, CREATED AND GRANTED IN THAT CERTAIN ROAD AND PEDESTRIAN EASEMENT DATED FEBRUARY 16, 1979 FROM WEST LOOP HOTEL, LIMITED TO FIN PROPERTIES, LIMITED, FILED IN HCCF NO. G041313, BEING THE SAME PROPERTY EASEMENT CONVEYED TO PCCP FULLER 2425 WEST LOOP, LLC BY SPECIAL WARRANTY DEED WITH VENDOR'S LIEN RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20100450007, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A FOUND 5/8 INCH IRON ROD IN THE NORTHERLY RIGHT OF WAY LINE OF WESTHEIMER ROAD (ROW VARIES), BEING THE SOUTHEAST CORNER OF A 2.3468 ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY TO RED LION HOTELS, INC. IN A DEED RECORDED IN HCCF NO. S056346 AND THE SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R. HOUCK, JR., TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE, WESTERLY SOUTH 86 DEGREES 46 MINUTES 52 SECONDS WEST, 28.00 FEET ALONG THE NORTHERLY LINE OF WESTHEIMER ROAD TO A POINT;

THENCE, NORTHERLY 28.00 FEET WESTERLY OF AND PARALLEL TO THE EASTERLY LINE OF SAID 2.3468 ARE TRACT NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 205.08 FEET TO A POINT ON THE SOUTHERLY LINE OF TRACT 1;

THENCE, EASTERLY NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST, 28.00 FEET ALONG THE SOUTHERLY LINE OF TRACT 1 TO A 1/2 INCH IRON ROD FOUND IN THE WESTERLY LINE OF A 3.4385 ACRE PARCEL OF LAND PRESENTLY OWNED BY RESTPROP, LTD AS RECORDED IN THE HCCF NO. R228886;

[Exhibit A - Property Description]

002139

THENCE, SOUTHERLY SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST, 204.61 FEET ALONG A COMMON LINE OF THE ABOVE INDICATED 3.4385 ACRE PARCEL TO THE EAST SAID THE PREVIOUSLY DESCRIBED 2.3468 ACRE PARCEL TO THE WEST, TO THE POINT OF BEGINNING, CONTAINING 0.1317 ACRES OR 5,735 SQUARE FEET (CALLED 5,740) OF LAND MORE OR LESS.

TRACT 5 EASEMENT TRACT: 5 FOOT STORM SEWER EASEMENT

A 1,025 SQUARE FOOT TRACT OF LAND, BEING THAT SAME TRACT UN PROPERTIES, LIMITED, RECORDED IN HCCF NUMBER G041311, LOCATED IN THE WILLIAM WHITE SURVEY, ABSTRACT NUMBER 836, CITY OF HOUSTON, HARRIS COUNTY, TEXAS, BEING THE SAME EASEMENT CONVEYED TO PCCP FULLER 2425 WEST LOOP, LLC BY SPECIAL WARRANTY DEED WITH VENDOR'S LIEN RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20100450007, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A POINT IN THE NORTHERLY RIGHT OF WAY (ROW) OF WESTHEIMER ROAD (ROW VARIES), BEING THE SOUTHEAST CORNER OF A 2.3468 ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY TO RED LION HOTELS, INC. IN A DEED RECORDED IN HCCF NO. 5056346 AND THE SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R. HOUCK, JR. TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE ALONG THE NORTHERLY RIGHT OF WAY LINE OF WESTHEIMER ROAD, SOUTH 86 DEGREES 46 MINUTES 52 SECONDS WEST, A DISTANCE OF 16.00 FEET TO THE SOUTHEAST CORNER OF SAID EASEMENT AND THE HEREIN DESCRIBED TRACT;

THENCE CONTINUING ALONG THE NORTHERLY LINE OF WESTHEIMER ROAD, SOUTH 86 DEGREES 46 MINUTES 52 SECONDS WEST A DISTANCE OF 5.00 FEET, THE SOUTHWEST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE DEPARTING SAID WESTHEIMER ROAD, NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, A DISTANCE OF 204.96 FEET, TO A POINT IN THE SOUTHERLY LINE OF A 2.4462 ACRE TRACT CONVEYED BY DEED TO HE 2425 WEST LOOP, LP RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20070732472;

THENCE ALONG THE SOUTHERLY LINE OF SAID 2.4462 ACRE TRACT, NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST A DISTANCE OF 5.00 FEET TO THE NORTHEAST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE DEPARTING THE SOUTHERLY LINE OF SAID 2.4462 ACRE TRACT, SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST, A DISTANCE OF 204.88 FEET TO THE POINT OF BEGINNING AND CONTAINING 1,025 SQUARE FEET OF LAND, MORE OR LESS

[Exhibit A - Property Description]

Certified Document Number: 101155092 - Page 10 of 11

002140

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Allen Zwernemann on behalf of Allen Zwernemann
Bar No. 24034755
az@azlf.com
Envelope ID: 62862673
Status as of 3/23/2022 9:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jennifer LMacGeorge | | jmac@jlm-law.com | 3/23/2022 9:29:45 AM | SENT |
| Nailah Jackson | | njackson@jlm-law.com | 3/23/2022 9:29:45 AM | SENT |
| Branch Sheppard | | BSheppard@gallowaylawfirm.com | 3/23/2022 9:29:45 AM | SENT |
| Allen Zwernemann | | AZ@AZLF.com | 3/23/2022 9:29:45 AM | SENT |
| MIchael Clardy | | mclardy@jlm-law.com | 3/23/2022 9:29:45 AM | SENT |
| Karla Perez | | kperez@jlm-law.com | 3/23/2022 9:29:45 AM | SENT |
| Elizabeth Klingensmith | 24046496 | Liz.Klingensmith@pillsburylaw.com | 3/23/2022 9:29:45 AM | SENT |
| Charles C.Conrad | | charles.conrad@pillsburylaw.com | 3/23/2022 9:29:45 AM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 3/23/2022 9:29:45 AM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 3/23/2022 9:29:45 AM | SENT |
| Annarose Harding | | aharding@gallowaylawfirm.com | 3/23/2022 9:29:45 AM | SENT |
| Julie Moeller | | julie.moeller@pillsburylaw.com | 3/23/2022 9:29:45 AM | SENT |
| Haley Sheppard | | hsheppard@gallowaylawfirm.com | 3/23/2022 9:29:45 AM | SENT |
| Cody Gartman | | cody.gartman@pillsburylaw.com | 3/23/2022 9:29:45 AM | SENT |

002141



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 23, 2024

Certified Document Number:        101155092 Total Pages:  11

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

002142

CAUSE NUMBER *2021-63370*

*Galleria 2425 Owner LLC* §

§      **IN THE DISTRICT COURT OF**

PETITIONER

§      **HARRIS COUNTY, TEXAS**

*National Bank of Kuwait* vs. §

§      *281st* **JUDICIAL DISTRICT**

RESPONDENT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
## OF INJUNCTION BOND PER ORDER OF THE COURT

**THE STATE OF TEXAS §**
**COUNTY OF HARRIS   §**

    **THIS DOCUMENT IS TO CERTIFY** that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of *four hundred thousand* _____ Dollars ($ *400,000.00* _____), to be deposited with the Registry of the Court in lieu of a **Temporary Restraining Order Bond** or a **Temporary Injunction Bond**, as required by Rule 684, T.R.C.P, in the above styled and numbered cause as provided by the order entered on the *30th* day of *March*, 20*22*.

    This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a **TEMPORARY RESTRAINING ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

    **WITNESS** my hand and seal of office this *14th* day of *April* _____ A.D., 20*22*.

**FILED**
**Marilyn Burgess**
**District Clerk**

APR 14 2022

**Time:** _____
Harris County, Texas
**By** _____
Deputy   Iris Collins

Marilyn Burgess, District Clerk
Harris County, Texas
PO BOX 4651
Houston, Texas 77210-4651

**By:** _____
             **Deputy District Clerk**

Principal: *Galleria 2425 Owner, LLC*

Attorney: _____

Bar Number: *24013627*

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Famintake\Post Bond        Created 3/2/04      002143

Certified Document Number: 101535969 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 23, 2024

Certified Document Number:        101535969 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

002144

CAUSE NUMBER _8021-63370_

_Galleria 2425 Owner, LLC_
PETITIONER

§     IN THE DISTRICT COURT OF

§     HARRIS COUNTY, TEXAS

VS.

_National Bank of Kuwait_
RESPONDENT

§     _281st_ JUDICIAL DISTRICT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
## OF INJUNCTION BOND PER ORDER OF THE COURT

THE STATE OF TEXAS §
COUNTY OF HARRIS   §

      THIS DOCUMENT IS TO CERTIFY that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of _eighty thousand_ Dollars ($ _80,000_ ), to be deposited with the Registry of the Court in lieu of a **Temporary Restraining Order Bond** or a **Temporary Injunction Bond**, as required by Rule 684, T.R.C.P. in the above styled and numbered cause as provided by the order entered on the _30th_ day of _March_ , 20_22_

      This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a **TEMPORARY RESTRAINING ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

      WITNESS my hand and seal of office this _14th_ day of _April_ A.D., 20_22_ .

**FILED**
Marilyn Burgess
District Clerk

APR 14 2022

Time: _____
Harris County, Texas
By_____ Iris Collins
      Deputy

Marilyn Burgess, District Clerk
Harris County, Texas
PO BOX 4651
Houston, Texas 77210-4651

By_____
      **Deputy District Clerk**

Principal: _Galleria 2425 Owner, LLC_

Attorney: _____

Bar Number: _24013627_

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Famintake\Post Bond        Created 3/2/04      002145

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 101535970 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 23, 2024

Certified Document Number:        101535970 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

002146

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-34815 |
| GALLERIA 2425 OWNER, LLC, | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |

---

**EXPEDITED MOTION FOR INITIAL HEARING / SCHEDULING CONFERENCE
ON OBJECTIONS TO CLAIM
[DOCKET NOS. 402, 403 & 404]**

---

**THIS MOTION MAY BE CONSIDERED EX PARTE.**

**EXPEDITED CONSIDERATION IS REQUESTED AT OR PRIOR TO THE COMMENCEMENT OF THE OBJECTION TO CLAIMS HEARING SET FOR JULY 24, 2024, AT 11:00 A.M.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Ali Choudhri, 2425 WL, LLC, and Jetall Capital, LLC (collectively the "Claimants"), and pursuant to the Court Procedures/Practice Guide – Jeffrey P. Norman and Local Bankruptcy Rule 3007-1(d), respectfully requests that the initially set hearing date on the Chapter 11 Trustee's objections to claims (Docket Nos. 402, 403 & 404) of July 24, 2024 at 11:00 a.m. be converted to an initial scheduling conference rather than an evidentiary hearing, for the following cause.

1. <u>**Basis for Expedited Consideration.**</u> On June 3, 2024, the Chapter 11 Trustee, Christopher R. Murray, filed his omnibus objections to five (5) claims filed by Claimants. On July 3, 2024, the Claimants filed five (5) separate responses to the objections (Docket Nos. 591, 592, 593, 594 & 595). The Trustee filed an omnibus reply to these responses on Saturday, July 20, 2024 (Docket No. 632). Three of the Claimant's responses request that the adversary rules be invoked

pursuant to Bankruptcy Rule 3007, therefore constituting a request that the initial hearing be a scheduling conference for whose claims, which the Chapter 11 Trustee opposes. Each of the Claimants' responses identify what evidence each of the Claimants intend to put on to substantiate its claim.

2. As set forth in the attached unsworn declaration of undersigned counsel, counsel for the Trustee and counsel for Claimants have focused their discussions since Friday July 19, 2024 on attempting to settle one or more of the claims, and whether the initial hearings should be status conferences.

3. Through as late as yesterday evening, undersigned counsel was hopeful that the Trustee would consent to conducing initial scheduling conferences in the manner set forth in Local Bankruptcy Rule 3007-1(d) so that all of the evidence pertinent to the claim could be offered and all witnesses be subpoenaed and present. Despite numerous conferences on Friday July 19th, Saturday July 20th, and Monday, July 22nd, the Trustee has invoked his right not to agree to a status conference, and therefore this motion is being filed.

4. **Claim No. 21- Ali Choudhri (tax liens).** Agreed Order entered July 22, 2024.

5. **Claim No. 7 – 2425 WL, LLC (2nd lien claim on property at 2425 West Loop South, Houston, Texas 77027).** In its response to objection to claim filed July 3, 2024 (Docket No. 595), 2425 WL, LLC invokes the adversary rules under Fed. R. Bankr. P. 3007(b) and 7001(2). The Chapter 11 Trustee replies that he is not challenging the deed of trust, is only challenging the underlying note, and therefore invoking the adversary rules and issuing a scheduling order for motions and discovery is not required for due process. However, the proof of claim is filed as a secured claim. The Trustee devotes approximately three pages to disputing the validity of the lien

and approximately four additional pages disputing the validity of the note together with the lien. (See Objection, Docket No. 402).

6.       The Trustee is not disputing the amount due on the second lien note. Rather, the Trustee is challenging the validity of the note and therefore deed of trust alleging lack of consideration, lack of apparent or actual authority to bind the debtor to the note, and invalidity pursuant to the Settlement Statement. Invalidating the note invalidates the lien. The objection to claim constitutes an adversary proceeding due to the allegations contained therein and the effect those allegations have on the note and deed of trust. As a matter of law, the Trustee's attack on the note is an attack on the lien. *Kiggundu v. MERS*, 469 Fed. App.'x 330, 2012 U.S. App. LEXIS 6239 [UnPubl. Op.] (5th Cir. 2012); *DeFranceschi v. Wells Fargo Bank, N.A.,* 837 F. Supp. 2d 616 (N.D. Tex. 2011).

7.       2425 WL, LLC has identified its witnesses, but likely requires a subpoena for Mona E. Dajani. 2425 WL, LLC has identified exhibits and filed the exhibits with the Court, but requires further time to determine if any further exhibits are necessary after at least informally interviewing, if not conducting formal discovery on the attorneys for National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") responsible for drafting the loan documents for the sale of the property at 2425 West Loop South, Houston, Texas 77027 (the "Property") by 2425 WL, LLC to Galleria 2425 Owner, LLC.

8.       2425 WL, LLC will appear at the hearing. 2425 WL, LLC announces "not ready" and requests entry of a scheduling order.

9.       **Claim No. 22 – Ali Choudhri (reimbursement for amounts loaned by Ali Choudhri to Debtor for a pre-petition bond on temporary injunction against NBK's foreclosure and reimbursement of amounts advanced for payment of legal fees in Debtor's**

**litigation with NBK).** The Trustee challenges the payments and challenges that any payments were made as loans.

10.     Ali Choudhri has filed a witness and exhibit list with those documents which he has been able to obtain to date. Ali Choudhri requires testimony from himself and Jennifer MacGeorge to prove up his claim. Ms. MacGeorge has not been subpoenaed, although she has provided a limited business records affidavit. She has knowledge of Ali Choudhri's loans to the Debtor for payment of attorney's fees of Akin Gump, attorney's fees of Joyce McFarland, and payment of the appeals bond.

11.     Ali Choudhri has identified some exhibits which exist to prove-up his claim for the bond. However, Ali Choudhri currently does not have access to all these documents. The documents were stored on a document management system called Smoke Ball, and currently Ali Choudhri does not have access to these records because the account has been shut down, either by someone else or by Smoke Ball for failure to make payments.

12.     In order to prove his claim, Ali Choudhri requires further time to obtain the documents, provide them to the Trustee, and discuss any issue which may or may not remain thereafter with the Trustee.

13.     Ali Choudhri will appear at the hearing. Ali Choudhri announces "not ready" and requests entry of a scheduling order.

14.     **Claim No. 23 – Jetall Capital, LLC (Tenant Improvement Allowance).** Jetall Capital, LLC ("Jetall") filed its proof of claim out of an abundance of caution to protect its un-matured claims for Tenant Improvement Allowance. The Trustee responds, among other things, that this is not a claim against the estate. But, a contingent or unmatured claim under a pre-petition lease for future post-petition rent allowance does constitute a claim under 11 U.S.C. § 502.

15.     This Tenant Improvement Allowance is the subject of a dispute filed by the Trustee in the adversary styled *Murray v. Jetall Companies, Inc.,* Adversary No. 24-03117 (Bankr. S.D. Tex). Therefore, in its response filed July 3, 2024 (Docket No. 593), Jetall invoked the adversary rules. The Trustee replies that there is no claim against the estate, the adversary rules do not apply, and that Jetall Capital, LLC is the wrong party. Jetall disagrees, but these are issues that should be resolved in the adversary proceeding.

16.     Jetall will appear at the hearing. Jetall announces "not ready", because it requires further documents currently trapped in the Smoke Ball document management system, including assignment documents between Jetall Companies, Inc. and Jetall Capital, LLC, and documents regarding the circumstances of the original lease and each of the three amendments to the lease.

17.     **Claim No. 24 – Jetall Capital, LLC (reimbursement of loans for payment of property payroll, management fees and commissions).** The Trustee disputes the allowance and amount of these claims and demands proof thereof.

18.     Jetall will appear at the hearing. Jetall announces "not ready", because the necessary documents to prove these claims are not accessible due to Ali Choudhri being locked out of the Smoke Ball document management system.

WEREFORE, PREMISES CONSIDERED, Claimants respectfully prays that this Court: Convert the initially set hearing for July 24, 2024 at 11:00 a.m. to a scheduling conference; and Grant Claimants such other and further relief, in equity or at law, to which the show themselves justly entitled.

Dated: July 23, 2024                     Respectfully submitted,

*/s/ H. Gray Burks, IV*
H. Gray Burks, IV
State Bar No. 03418320
BurksBaker, PLLC

950 Echo Ln, Suite 300
Houston, TX 77024
Telephone: (713) 897-1297
Facsimile: (713) 869-9100
Email: gray.burks@burksbaker.net

*Attorneys for Ali Choudhri, 2425 WL, LLC, and Jetall Capital, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, I caused a copy of the forgoing Motion to be served by electronic notice on all parties registered to receive electronic notice, including the Chapter 11 Trustee and his attorneys, through the Electronic Document Filing System of the United States Bankruptcy Court for the Southern District of Texas.

*/s/ H. Gray Burks, IV*
H. Gray Burks, IV

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-34815 |
| GALLERIA 2425 OWNER, LLC, | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |

**UNSWORN DECLARATION OF H. GRAY BURKS, IV**

I, H. Gray Burks, IV, submit this unsworn declaration under penalty of perjury pursuant to 11 U.S.C. § 327(a).  I declare that:

1.    I have personal knowledge of the below information and have capacity to make this declaration.

2.    I have had at least five conversations with the Chapter 11 Trustee's counsel, R.J. Shannon, regarding conducting the initial hearing setting for July 24, 2024, at 11:00 a.m. on Trustee's objections to claims as scheduling conferences rather than evidentiary hearings. These conversations occurred on Friday, July 19th, Saturday July 20th, and Monday July 22nd.

3.    Counsel for the Trustee and I have discussed the various issues and cannot agree on setting the evidentiary hearings for after the sale of the property is closed on August 8, 2024, and after the claimants have the opportunity to obtain missing documents which constitute evidence to prove-up their claims from the Smoke Ball document management system.

4.    The Trustee announces ready, but also takes the position that he doesn't have to prove anything because the burden of proof lies with the claimants on the alleged facts of these objections.

5.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2024

*/s/ H. Gray Burks, IV*
H. Gray Burks, IV
State Bar No. 03418320
BurksBaker, PLLC
950 Echo Ln, Suite 300
Houston, TX 77024
Telephone: (713) 897-1297
Facsimile: (713) 869-9100
Email: gray.burks@burksbaker.net

**THIS UNSWORN DECLARATION IS MADE UNDER PENALTY OF PERJURY**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-34815 |
| GALLERIA 2425 OWNER, LLC, | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |

## ORDER GRANTING MOTION FOR INITIAL HEARING / SCHEDULING CONFERENCE ON OBJECTIONS TO CLAIM
### [DOCKET NOS. 402, 403 & 404]

On consideration of the *Expedited Motion for Initial Hearing / Scheduling Conference on Objections to Claim* filed by Ali Choudhri, 2425 WL, LLC, and Jetall Capital, LLC, it is

**ORDERED** that the initial hearing setting for July 24, 2024 at 11:00 a.m. on the Chapter 11 Trustee's objections to proof of claim nos. 7, 22, 23 & 24 shall be conducted as scheduling conferences. Separate scheduling orders shall issue.

**SIGNED:**

1        UNITED STATES BANKRUPTCY COURT
         SOUTHERN DISTRICT OF TEXAS
2              HOUSTON DIVISION

3                                )  CASE NO: 23-34815-jpn
                                 )
4   GALLERIA 2425 OWNER, LLC,    )  Houston, Texas
    and AZEEMEH ZAHEER,          )
5            Debtors.            )  Wednesday, July 24, 2024
                                 )
6                                )  11:02 a.m. TO 11:15 a.m.
    ------------------------------)

7

8                            TRIAL

9       BEFORE THE HONORABLE JEFFREY P. NORMAN
            UNITED STATES BANKRUPTCY JUDGE

10

11  <u>APPEARANCES:</u>

12  For Christopher R.        R.J. SHANNON
    Murray, et al.:           Shannon & Lee LLP
13                            2100 Travis Street, Suite 1525
                              Houston, TX 77002
14
    For 2425 WL, LLC,         H. GRAY BURKS, IV
15  et al.:                   Law Office of H. Gray Burks, IV
                              950 Echo Lane, Suite 300
16                            Houston, TX 77024

17  Court Reporter:           SHANNON HOLDEN

18  Courtroom Deputy:         TRACEY CONRAD

19  Transcribed by:           Veritext Legal Solutions
                              330 Old Country Road, Suite 300
20                            Mineola, NY 11501
                              Tel: 800-727-6396

21

22

23  Proceedings recorded by electronic sound recording;
    Transcript produced by transcription service.

24

25

1    HOUSTON, TEXAS; WEDNESDAY, JULY 24, 2024; 11:02 a.m.

2                         (Call to Order)

3         THE COURT:  Let me turn to 23-34815, Galleria 2425

4    Owner.  There are two objections to claims still pending,

5    Document 402 and 404.  Appearances, please.

6         MR. SHANNON:  Good morning, Your Honor.  RJ

7    Shannon on behalf of the Chapter 11 Trustee, Christopher

8    Murray, who is also in the courtroom with me.

9         THE COURT:  Thank you.

10        MR. BURKS:  Good morning, Judge, Gray Burks, B-u-

11   r-k-s, on behalf of, depending on which claims are still

12   pending, Ali Choudhri, 2425 WL, and Jetall Capital.  There

13   are two objections, but I think there are multiple claims in

14   one of them.  And I think there's one claim in the other

15   objection.

16        THE COURT:  So as I understand it, I did see a

17   motion for ex parte relief, but it's been a very busy

18   morning.  So as I understand it, you're not ready to move

19   forward and you want more time.

20        MR. BURKS:  Well, I'm not ready to move forward

21   and I need more time for the reasons set forth in the

22   motion.  I don't know if you've read it.

23        THE COURT:  I read it, but that's basically all I

24   did is I read it.  Okay.

25        So let me go back to Mr. Shannon.  I think you

1   filed the objections.  Apparently you are opposed to me

2   giving them more time.  So let me hear from you and then I

3   can decide what we're going to do.

4          MR. SHANNON:  Yes, Your Honor.  Again for the

5   record, RJ Shannon on behalf of the Trustee.

6          We do oppose the -- I guess it's not really a

7   motion to continue, it's a motion to have this hearing be

8   considered a status conference and then set the evidentiary

9   hearing on another date.  We do oppose it.  The Trustee does

10   oppose it.  And there's really three main -- I guess two

11   main reasons and some issues with the motion.

12          But the primary issue here, Judge, is that this

13   hearing was set 51 days ago.  It was set when the objections

14   were filed.  They were filed on June 3, 2024.  So it's been

15   51 days to prepare the documents that are necessary for the

16   Claimants to subpoena who they might need.  And I say 51

17   days, Judge, but really you could say it's 63 days from when

18   the trustee requested discovery that's largely what they

19   would want to submit with respect to these claims.

20          Further, Judge, it's been 21 days since the

21   responses that were done by the Claimants.

22          And so, Judge, based on that, I just don't see --

23   I don't see why they're not ready to go forward today.  The

24   Trustee is ready to go forward today, Your Honor.  The first

25   time we've heard about this was Friday afternoon.  And at

1  that point the Trustee had or we had gotten ready for this

2  hearing.  We had been prepared for it.  The practical

3  reasons are one, that.  And then two, that those expenses

4  have been incurred.  I'm getting ready for the hearing.

5  Some of that work will need to be duplicated if it is

6  pushed.  And I'll just point out that this is -- it's been a

7  common occurrence in this case that everything seems to be

8  calculated to delay and not have resolution of issues.  So

9  the Trustee is ready to go forward today, Your Honor, if you

10  are inclined.

11        If you are inclined to give them more time, we

12  would ask that it be set quickly so that we don't have to

13  reprepare for this hearing, re-understand the issues.  I

14  know Your Honor had previously had some dates, but I'll

15  leave that up to you.  But the Trustee would like to go

16  forward today, Your Honor.

17        THE COURT:  All right.  Mr. Burks --

18        MR. BURKS:  May I be heard, Judge?

19        THE COURT:  Sure.  And, Mr. Burks, I'm predisposed

20  to give you more time.  Probably not as much time as you

21  want.  But if you need more time, I mean, these are not

22  uncomplicated matters.  I'm willing to give you a little bit

23  of time.  How much time do you think you want or need?

24        MR. BURKS:  I'm going to ask -- there are two

25  factors that are involved here.  It's -- one is how much

1  time I need.  But the other one is how much time should we

2  take.  And the Proof of Claim No. 20 was not objected to, I

3  don't know why.  It's a claim filed by general companies for

4  $3.1 million.  That's still out there.  We have a motion to

5  -- we have a date to sell the property, close on the

6  property out there on August 8th.  We have a motion to

7  assume leases.  I am not involved in that at all.  I don't

8  know much about that.  But I know that things may change and

9  shift over the next couple of weeks as to what we need or

10  don't need.

11        I know that I have told Mr. Chaudhry to get into

12  his records.  I've seen enough to know that he does have

13  reimbursement records.  But it's called Smokeball I believe

14  is his platform.  And he's locked out of it and he doesn't

15  know why and he's trying to get back into it.

16        THE COURT:  I think, Mr. Burks, I'm not really

17  asking to argue the motion as much as I am asking you how

18  much time do you think you need or want.  I mean, like I

19  said, I'm predisposed to give you more time, a little bit of

20  time.

21        MR. BURKS:  Yes, Judge.

22        THE COURT:  But by the same token, you've had

23  effectively 60 days at this point in time.  This is not a

24  case that has not been just sitting dormant.  It's been very

25  highly litigated to this point.  There are a number of

1  appeals pending.  I'm not sure the pending matters really do

2  very much relative to the claim objections.  But by the same

3  token I want to give you time to prepare.  Okay?  So how

4  much time do you realistically need?  And then I'll give you

5  a date and time where let's basically tee the matters up.

6          MR. BURKS:  If I have between 25 and 35 days, I

7  think that's appropriate under the circumstances.

8          THE COURT:  All right, thank you.

9          MR. BURKS:  And forgive me for not answering the

10 question.  I should have listened better.

11         THE COURT:  That's all right.  Okay.  So let's do

12 this.  I have an open day on Augst the 13th.  Does that work

13 for everybody?

14         MR. BURKS:  I'm going to be in New Jersey visiting

15 my 91-year-old mamma.  I'm so sorry.

16         THE COURT:  And when are you gone?  From when to

17 when?

18         MR. BURKS:  I'm going from the 7th through the

19 12th, back in time for two hearings on the 13th and the

20 14th.  I would not say what I just said if it wasn't very

21 important to  me to be there.

22         THE COURT:  And I don't want you to miss, Mr.

23 Burks.  The reason is how do I go out a reasonable period of

24 time without basically not giving you very much time at all.

25         MR. BURKS:  Right.

1    THE COURT:  So I have August the 5th available.

2  But that's only going to give you effectively about 11 days.

3    MR. BURKS:  That's not enough.  Do you have

4  anything around the 22nd or 20th?

5    THE COURT:  That's the problem.  I don't.  So, I

6  mean, I will, because I think I want to give you more time,

7  give you two dates.  I'll give you the 5th, I'll give you

8  the 13th.  I mean, the 5th is better than nothing.  It still

9  gives you 11 days.

10    MR. BURKS:  Next week (indiscernible) see if he

11  can cover my hearing on the 13th.

12    THE COURT:  The Trustee may tell me they're not

13  available and it may solve your problem.  So let me ask

14  them.

15    Are you available on the 5th or the 13th?

16    MR. MURRAY:  I am not, sir.

17    THE COURT:  You're not.  You're not available on

18  the 5th?

19    MR. MURRAY:  I'm out of town.

20    THE COURT:  Okay.  Okay.  I actually have a trial

21  that's scheduled on Monday, August the 19th.  Does that date

22  work?

23    MR. BURKS:  Yes, Your Honor.

24    THE COURT:  Does that work for the Trustee?

25    MR. MURRAY:  No, sir, it doesn't.

1        THE COURT:  Okay.  When are you available?

2        MR. MURRAY:  I'm available the week of the 26th.

3        THE COURT:  I'm not available that week.

4        MR. MURRAY:  I mean, as long as it's that long

5   out, we have to redo the prep.  It could be early September.

6   The first week in September I could do except for the 3rd.

7        THE COURT:  You are unavailable that entire week

8   of the 20th?

9        MR. MURRAY:  Yeah.  It's just I'm at an ABT

10  conference so --

11       THE COURT:  I understand.  I don't want to set

12  anything when you're not going to be available.

13       MR. MURRAY:  I could do the 22nd or the 23rd.

14       THE COURT:  I'm in Laredo for trial on the 22nd.

15  How about the day after Labor Day, September the 3rd?

16       MR. MURRAY:  I have a panel that day.

17       MR. BURKS:  September...

18       THE COURT:  It's not available.  How about

19  September the 6th?

20       MR. MURRAY:  That works.

21       MR. BURKS:  Mr. Baker will cover anything that I

22  have on the 6th.  The 6th is fine, Your Honor.

23       MR. SHANNON:  Your Honor, if Mr. Baker is able to

24  cover, then I don't believe we need to push it that far,

25  right?  I believe the reason we can't do it on the 13th of

1   August --

2       MR. BURKS:  No, I said that he would cover

3   anything that I had outside of those dates.

4       THE COURT:  I'm trying -- I just want to give you

5   a date that works where everybody can show up.  Okay.

6       So here's what I'll do.  September the 6th seems

7   to work.  It gives you more time than you asked for, Mr.

8   Burks, so you have to be happy in that.  I can't set things

9   when people aren't available.  And I'm just -- I hope that

10  it all works out.  So we'll set everything at 9:00 on

11  September the 6th, 2024.  That's the two matters that are

12  currently set before me at this point in time, which are the

13  objections to claim at 402 and 404.  All right?

14      MR. BURKS:  There's one other thing, a

15  housekeeping matter.  I don't know if the Trustee is aware

16  of this.  But there were two claims, proof of claims

17  objected to in one matter.  And you signed an agreed order

18  on one of those objections.  You took the ECF objection off

19  the docket, but I think -- and Mr. Shannon can correct me --

20  I think there's one objection still hanging in that ECF

21  document.

22      THE COURT:  Is there -- which ECF is that?

23      MR. MURRAY:  403.

24      THE COURT:  403?

25      MR. MURRAY:  It's still alive as to Claim 22.

1    THE COURT:  All right.  Then we will set 402, 403,

2    and 404 for 9:00 on September the 6th.

3    MR. BURKS:  But 403 only with respect to Proof of

4    Claim 22, Your Honor.

5    THE COURT:  I'm only going to rule on what's

6    before me, Mr. Burks.  That's fine.

7    MR. BURKS:  I understand.

8    THE COURT:  Okay.  So, now, as far as order, I'll

9    let the parties decide which ones they want to do first.

10   Okay?  I'm happy to call them in whatever order you need for

11   them to be or want them to be called.  All right?  Mr.

12   Murray, I'll let you make that decision.  All right?  Just

13   let Mr. Burks know so he can be prepared.  All right?

14   Anything else I can assist you with?

15   MR. BURKS:  Thank you for your time, Judge.

16   MR. SHANNON:  There is one other issue.

17   THE COURT:  Sure.

18   MR. SHANNON:  You know, if we're going to move it

19   that far, Your Honor, there is another issue.  And it can

20   either be brought up today or we can file a paper motion

21   about this.

22   We do have outstanding discovery requests, and

23   particularly from 2425 WL.  I think that they're going to

24   need to actually respond to the discovery requests,

25   especially if it's going to be pushed out more than a month

1   from now.

2          MR. BURKS:  Who has that?  Does Steve have that?

3          MR. SHANNON:  We'll talk about it.  But, Your

4   Honor --

5          THE COURT:  Okay.  So here's what I would like you

6   to do.  I'd like you to talk to Mr. Burks.  If there is a

7   discovery problem that Mr. Burks can't solve for you, then

8   just email us and ask for a discovery conference.  I'll set

9   one within 24 or 48 hours.  We can do it virtually and I'll

10  enter an order that basically requires the parties to do

11  what they need to do.  Okay?  Thank you.

12         MR. BURKS:  Mr. Shannon and I will work --

13         THE COURT:  I figured you would.  Thank you, Mr.

14  Burks.

15         All right, thank you all for appearing.

16         (Proceedings adjourned at 11:15 a.m.)

17

18

19

20

21

22

23

24

25

1                          CERTIFICATION

2

3      I certify that the foregoing is a correct transcript from

4      the electronic sound recording of the proceedings in the

5      above-entitled matter.

6

7      *Sonya M. Ledanski Hyde*

8

9

10     Sonya Ledanski Hyde

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  August 12, 2024

In Re:   Galleria 2425 Owner, LLC                     Case No.: 23–34815
       Debtor

Chapter: 11

## NOTICE OF FILING OF OFFICIAL TRANSCRIPT

An official transcript has been filed in this case and it may contain information protected under the E-Government Act of 2002, and Fed. R. Bank. P. 9037.

Transcripts will be electronically available on PACER to the public 90 days after their filing with the court. To comply with privacy requirements of Fed. R. Bank. P. 9037, the parties must ensure that certain protected information is redacted from transcripts prior to their availability on PACER.

If redaction is necessary, the parties must file a statement of redaction listing the items to be redacted, citing the transcript's docket number, the item's location by page and line, and including only the following portions of the protected information. This statement must be filed within 21 days of the transcript being filed. A suggested form for the statement of redaction is available at https://www.txs.uscourts.gov/.

- the last four digits of the social security number or taxpayer identification number;
- the year of the individual's birth;
- the minor's initials;
- the last four digits of the financial account number; and
- the city and state of the home address.

Any additional redaction requires a separate motion and Court approval.

A party may review the transcript at the Clerk's Office public terminals or purchase it by following the instruction on our website at https://www.txs.uscourts.gov/ or by calling (713) 250–5500 . A party is only responsible for reviewing the:

- opening and closing statements made on the party's behalf;
- statements of the party;
- testimony of any witness called by the party; and
- any other portion of the transcript as ordered by the court.

Redaction is your responsibility. The Clerk, court reporter, or transcriber will not review this transcript for compliance.

Nathan Ochsner
Clerk of Court

002168